## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

MELVIN MIXON                           }
o/b/o NORMAN S. MIXON,                  }
                                        }
                                        }
       **Plaintiff,**                   }
                                        }    **CASE NO. 5:12-CV-2508-SLB**
v.                                      }
                                        }
CAROLYN W. COLVIN,[1]                   }
Commissioner, Social                    }
Security Administration,               }
                                        }
       **Defendant.**                   }

## MEMORANDUM OPINION

Plaintiff Melvin Mixon o/b/o Norman S. Mixon brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits ["DIB"]. (Doc. 2.)[2] Upon review of the record, the submissions of the parties, and the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. When the document cited is duplicated in the bound physical copy of the transcript of the entire record of the proceedings, the page number of that transcript is also included, ["Doc. ___; R. ___."].

relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

# I. <u>PROCEDURAL HISTORY</u>

Plaintiff initially filed an application for benefits on August 10, 2006, (doc. 2-6 at 2; R. 123), alleging a disability onset date of April 24, 2004 due to herniated discs in his neck and back and bronchitis, (Doc. 2-3 at 22; R. 184.) This claim was denied by the Social Security Administration ["SSA"] in September 2006.  (Doc. 2-5 at 2; R. 78.) On February 19, 2008 the onset date was amended to May 15, 2006. (Doc. 2-6 at 19; R. 140.) Plaintiff requested a hearing before an Administrative Law Judge ["ALJ"] which was held on February 26, 2008. (Doc. 2-5 at 9; R. 85.) At the hearing the plaintiff agreed to a dismissal of his case based on reported 2006 and 2007 earnings constituting substantial gainful activity. (Doc. 2-4 at 7; R. 71.) On April 26, 2008, plaintiff filed a Request for Review with the Appeals Council, claiming that the 2006 and 2007 earnings were not substantial gainful activity.  (Doc. 2-5 at 15-16; R. 90-91.) The Council granted this request on March 27, 2009, based on plaintiff's new evidence regarding his earnings, and ordered an ALJ to offer a new hearing for plaintiff's case.  (Doc. 2-4 at 12-13; R. 76-77.)

The second hearing was held on July 22, 2009.  (Doc. 2-3 at 34-35; R. 33-34.)  After the hearing, the ALJ found that plaintiff did not have an impairment or combination of impairments listed in, or medically equivalent to one listed in, the Listings of Impairments. (Doc. 2-3 at 27; R. 26); *see* 20 C.F.R. § 404.1520(d).  The ALJ also found that the plaintiff had the residual functional capacity ["RFC"] to perform light work with some restrictions,

(doc. 2-3 at 27; R. 26), but could not perform any past relevant work, (doc. 2-3 at 29; R. 28). Lastly, the ALJ found that there were jobs in the national economy that the claimant could perform. (Doc. 2-3 at 30; R. 29.) Based on these findings, the ALJ denied the plaintiff's request for a period of disability and DIB on September 10, 2009. (Doc. 2-3 at 19, 31; R. 18, 30.) Plaintiff appealed on September 29, 2009, (doc. 2-5 at 45; R. 121), and the appeal was denied on May 23, 2012, (doc. 2-3 at 2; R. 1). Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id*.) Plaintiff Norman Mixon died on August 17, 2010, (doc. 2-6 at 41; R. 162), and the action has been continued by his father, Melvin Mixon, as substitute party. (Doc. 2-5 at 44; R. 120.)

Following denial of review by the Appeals Council, plaintiff filed an appeal in this court. (Doc. 1.) He requests that this court reverse the Commissioner's decision or, in the alternative, remand the case for further consideration. (Doc. 5 at 11.)

## II.  <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court's role is a narrow one, limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied. *Lamb v. Bowen*, 847 F.2d 698 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The court gives deference to factual findings and closely scrutinizes questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

3

Factual findings, such as the credibility of witnesses and resolution of conflicting statements and testimony, are determined by the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983). The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *Id.* at 1239. However, "despite [this] deferential standard for the review of claims . . . [the] Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lamb*, 847 F.2d at 701; *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Nevertheless, even if the evidence preponderates against the Commissioner's decision, this court must still affirm if the ALJ's decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Substantial evidence is defined as that which "a reasonable person would accept as adequate to support a conclusion." *Id.*

Conclusions of law made by the Commissioner are closely examined by the court. *Cornelius,* 936 F.2d at 1145. The Commissioner must provide the court with a sufficient basis for determining if the correct legal standards were applied. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The burden is on the claimant to prove disability.[3] *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir.), *cert. denied*, 414 U.S. 913 (1973). If a claimant proves that he is no longer

---

[3] "Disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment expected to result in death or which has lasted or is expected to last for a continuous period of not less than twelve (12) months. 42 U.S.C. § 423 (d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical or diagnostic techniques. *Id.* at § 423 (d)(3).

able to perform his past work, then the burden shifts to the Commissioner to prove that the claimant is capable of engaging in some other type of substantial gainful employment. *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988).

### III.   ADMINISTRATIVE REVIEW PROCESS

The Social Security Act and its regulations set out the procedure for determining whether a claimant is eligible for benefits. The claimant first submits an application for benefits to the state agency. The state agency, acting under the authority and supervision of the Commissioner of Health and Human Services, makes the initial disability determination. 42 U.S.C.A. § 421(a). If the state agency denies the claimant's application for benefits, the claimant may pursue administrative review of the decision through a three-stage process. First, the state agency is required to review its initial determination de novo. 20 C.F.R. § 404.913. Second, if the state agency affirms its initial decision, the claimant may request a hearing before an Administrative Law Judge (ALJ) within the Bureau of Hearings and Appeals of the Social Security Administration. 42 U.S.C.A. § 405(b)(1); 20 C.F.R. § 404.929. Third, the plaintiff may seek review of the ALJ's decision by the Appeals Council. 20 C.F.R. § 404.967. After exhausting the administrative review process, the claimant may appeal the final decision[4] of the Commissioner to a federal district court.

---

[4] The Supreme Court has stated that a "final decision" is "a statutorily specified jurisdictional prerequisite" under 42 U.S.C. § 405(g). *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

42 U.S.C.A. § 405(g).[5]

## IV.  DISCUSSION

### A.  The Five-Step Evaluation Defined

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for disability benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). The specific steps in the process are as follows:

(1)    The Commissioner must first determine whether the claimant is engaged in substantial gainful activity.[6] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant

---

[5] Section 405(g), which is the basis for judicial review of the denial of Disability Insurance Benefits under Title II, provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

[6] Substantial gainful activity is work that involves significant mental and physical activities and is usually performed for pay or profit. The following factors are considered: time

is working and the work is substantial gainful activity, the Commissioner must find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). A claimant who is unable to work a full work day is deemed unable to engage in substantial gainful activity. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980).

(2)      If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).[7] An impairment is not severe if it is a slight abnormality having a minimal effect on the individual's ability to work. *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments is disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

(3)      If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and is equivalent to any

---

spent in the work; quality of the work performance; whether the worker is self-employed; the need for special conditions or supervision; use of experience, skills, and responsibilities; and whether the worker contributes substantially to the operation of the business. *Johnson v. Sullivan*, 929 F.2d 596, 597 (11th Cir. 1991).

   [7] The regulations provide: "if you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. §§ 404.1520(c), 416.920(c).

one of the number of listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d).

(4)    If the claimant's impairment does not satisfy one of the listed impairments, the Commissioner must then review the claimant's residual functional capacity ("RFC"), along with the physical and mental demands of the claimant's prior work experience, to determine whether the claimant is capable of performing the kind of work performed in the past. If the claimant's RFC is sufficient to perform past work, the Commissioner will not find the claimant disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). As with the first three elements, the claimant bears the burden of establishing that the impairment prevents him from performing past work. *Yuckert*, 482 U.S. at 146 n.5.

(5)    Finally, if the claimant meets his burden and establishes the inability to do the kind of work he performed in the past, the burden shifts to the Commissioner to prove that the claimant, based on a review of the claimant's RFC, age, education, and work experience, is capable of performing any other work that exists in the national economy.[8] *Yuckert*, 482

---

[8] "[W]ork which exists in the national economy" is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

U.S. at 146 n.5; *Chester v. Bowen*, 792 F.2d 129, 131. If the claimant is not capable of performing any other jobs in the economy, then the Commissioner must find the claimant disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

### B.    The Five-Step Evaluation Applied

Applying the steps of the sequential evaluation, the ALJ first found that plaintiff had not been engaged in substantial gainful activity since May 15, 2006. (Doc. 2-3 at 24; R. 23.) At step 2, the ALJ further found that plaintiff had the following severe impairments: cervical degenerative disc disease, status post cervical fusion x 2 at C5-7, lumbar degenerative disc disease, and chronic bronchitis. (*Id.*) However, applying step 3, these impairments did not "meet or equal the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4." (*Id*. at  26.) The plaintiff also admitted that his conditions did not meet or equal any impairment. (Doc. 2-3 at 27; R. 26, Doc. 2-7 at 50; R. 212.) At step 4, the ALJ determined that plaintiff possessed the RFC to perform "light work", with a sit/stand option.[9] (Doc. 2-3 at 27; R. 26.) The plaintiff established that he was incapable of performing past relevant work. (Doc. 2-3 at 29; R. 28.) Applying the final step, the ALJ determined that plaintiff was capable of performing other jobs that exist in the national economy including conveyor line attendant, laminating machine tender, and inspector. (Doc. 2-3 at 30; R.  29). Thus, plaintiff

---

[9] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

was not under a disability as defined in the Social Security Act at any time through the date of the decision. (Doc. 2-3 at 31; R. 30.) Accordingly, the ALJ held that plaintiff is not entitled to a period of disability or DIB. (*Id.*)

### C.      The Plaintiff's Contentions

Plaintiff has four bases for this appeal. First, plaintiff contends that the ALJ did not report any vocational expert testimony on the issue of whether skills from plaintiff's past work were transferable. (Doc. 5 at 7.) Second, plaintiff argues that the ALJ erred in failing to consider all of plaintiff's impairments and in combination. (Doc. 5 at 8.) Third, plaintiff believes the ALJ improperly disregarded testimony from plaintiff's treating physician. (Doc. 5 at 8-9.) Fourth, plaintiff maintains that the ALJ failed to develop the record pursuant to 20 CFR 404.1519a. (Doc. 5 at 10.) The court has reviewed the record and concludes that substantial evidence supports the ALJ's conclusions regarding its reliance on the Vocational Expert's (VE) testimony, the plaintiff's RFC determination, the weight given to the treating physician's opinion, and the finding that the plaintiff is not disabled.

First, the ALJ relied on testimony from a VE that jobs requiring light work existed in the local and national economy to suit the plaintiff's "age, education, work experience, and residual functional capacity." (Doc. 2-3 at 30; R. 29.)  The VE testimony that the ALJ relied upon was sufficient since the transferability of job skills is not typically material to the determination of "not disabled". *See Garred v. Astrue*, 383 Fed. App'x 820, 824 (11th Cir. 2010) (holding that an ALJ need only state that the transferability of plaintiff's job skills is

immaterial when it does not affect the outcome of a disability determination).

Second, plaintiff's contention that the ALJ improperly found an RFC for light work with a sit/stand option is unfounded. The physical examinations by Dr. Murphy, Dr. Poczatck, and Dr. Whitney along with the medical evidence in the record do not demonstrate that plaintiff is unfit to perform light work or has any specific limitations. The ALJ found that the "claimant is able to sit for 20 minutes at a time and for 6 hours out of an 8-hour workday. The claimant is able to stand for 20 minutes at a time and for 6 hours out of an 8-hour workday. The claimant is able to walk 20 yards. The claimant can frequently push/pull and operate food/hand controls. The claimant can occasionally climb ladders, ropes, and scaffolding. The claimant is restricted to occasionally reaching in all directions." (Doc. 2-3 at 27; R. 26.) This finding is consistent with Dr. Murphy's evidence that plaintiff's pain is greatly reduced with treatment and Dr. Poczatck's assessment that plaintiff has "no evidence of atrophy or abnormal [musculoskeletal] tone..." and his "neurological exam demonstrates full strength with normal reflexes and sensation throughout." (Doc. 2-3 at 28; 2-9 at 64; R. 27, 405.) Given the overall medical evidence and other relevant information in the record, no error is found with the determination that plaintiff has the RFC to perform light work with a sit/stand option. *See* 20 C.F.R. § 404.1520(e) ; *see also* SSR 96-8p(3).

As to plaintiff's third contention, a physician's opinion may be disregarded if it is unsupported by objective medical evidence or is conclusory in nature. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir.

11

1987); *Hudson v. Heckler*, 755 F.2d 781, 784 (11th Cir. 1985). The ALJ properly found that the statements of Dr. Murphy, plaintiff's treating physician, that plaintiff was disabled were not supported by his treatment notes and therefore not due controlling weight. (Doc. 2-3 at 27; R. 26.) The record reveals that from September of 2006, until January of 2008, plaintiff suffered only mild pain after treatment and reported no problems with his pain management. (Doc. 2-9 at 6; R. 347, 12; R. 353, 14; R. 355; 25; R. 366; Doc. 2-10 at 24-76; R. 439-91.) In a letter addressed to plaintiff on February 23, 2008, Dr. Murphy lists plaintiff's medical conditions and concludes that he is "not able to work", he is "permanently disabled", and "[b]oth pain and medication prevent meaningful work performance." (Doc. 2-10 at 3; R. 418.) On July 13, 2009, Dr. Murphy wrote another letter to plaintiff stating that he believes the plaintiff is "permanently disabled, and [his] restrictions remain the same as [the] previous statement from 2/23/2008." (Doc. 2-11 at 3; R. 567.)

These findings are not supported by the medical evidence in the record. Indeed, the record supports a finding that plaintiff was not permanently disabled nor was he prevented from meaningful work performance, as the physical examination conducted by Dr. Poczatck on May 1, 2007, revealed no impairments other than "moderate tenderness" in plaintiff's back. (Doc. 2-9 at 64; R. 405.) This assessment is consistent with Dr. Murphy's reports that showed the plaintiff suffered only mild pain after treatment and that pain management "work[ed] very well." (Doc. 2-9 at 19; R. 360.) The record contains no medical evidence showing any restrictions that would prevent the plaintiff from meaningful work at the light

work level with the restrictions found by the ALJ. The only reported change in plaintiff's condition before Dr. Murphy's July 2009 opinion letter was an increase in knee pain from July 22, 2008, which was treated and alleviated by October 17, 2008, when mild pain levels resumed. (Doc. 2-11 at 30, 43; R. 594, 607.)

The Eleventh Circuit gives substantial weight to the opinions of treating physicians, but when "good cause is shown to the contrary", no special significance must be awarded to the treating physician's determinations. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). There is good cause showing a contrary conclusion to Dr. Murphy's statements because his opinion is conclusory in nature and "inconsistent with [his] own medical records." *See Simmons v. Astrue*, 2012 U.S. Dist. LEXIS 124964. at *16 (N.D. Ala. Sept. 4, 2012) (quoting *Id.* at 1440). The majority of the other evidence also goes against Dr. Murphy's conclusion, therefore his opinion is due no special significance. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (establishing that good cause exists for a finding contrary to the treating physician's when that physician's opinion is not strengthened by the evidence in the record).

Finally, plaintiff's claim that the ALJ failed to develop the record pursuant to 20 C.F.R. § 404.1519(a) fails because it is inconsistent with current law. "[T]he administrative law judge... is responsible for assessing your residual functional capacity." 20 C.F.R. § 404.1546(c). "Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the

13

other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Social Sec. Admin.*, 223 Fed. App'x 915, 923 (11th Cir. 2007). The ALJ considered the objective medical evidence in the record and the opinions of three different physicians including the state agency physician, Dr. Richard Whitney, to conclude that Plaintiff was capable of performing light work with a sit/stand option. (Doc. 2-3 at 27; R. 26.) The ALJ's RFC assessment of the plaintiff is supported by substantial evidence. *See Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (finding that the ALJ has the privilege of making the ultimate RFC determination based on the relevant medical information, physician opinions, and other evidence in the record).

## V. CONCLUSION

Based on the reasons stated above, the court is of the opinion that the Commissioner's decision is in accordance with the correct legal standards and supported by substantial evidence. The decision is due to be **AFFIRMED**. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 17th day of March, 2014.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE